IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY HUNTER | : | CIVIL ACTION |
| v. | : | |
| FOX & ROACH REALTOR L.P., et al. | : | NO. 07-1572 |

**MEMORANDUM**

**Baylson, J.**                                                                              **November 26, 2007**

**Introduction**

Plaintiff, Betty Hunter, ("Plaintiff" or "Ms. Hunter") a pro se litigant, filed a claim in this Court for racial discrimination and harassment and sexual discrimination and harassment under Title VII of the Civil Rights Act, ("Title VII") 42 U.S.C. § 2000e, on April 19, 2007. Plaintiff filed an Amended Complaint on May 3, 2007. Defendant, Fox & Roach Realtors L.P. et al, ("Defendant") filed a Motion to Dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on May 29, 2007. For the reasons set forth below, the Court grants the Motion to Dismiss on all claims under Federal Rule of Civil Procedure 12(b)(6).

**Procedural History**

Plaintiff, a pro se litigant, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 11, 2006, alleging racial discrimination in the form of disparate treatment on the basis of race. The EEOC sent Plaintiff a letter on January 23, 2007, informing her that they had made no findings in her case but advising her that she had a right to sue.

On April 19, 2007, Plaintiff filed a complaint against Defendant asserting claims under Title VII. Plaintiff claimed that she had been the subject of racial and sexual discrimination and harassment by Defendant's employees during the time she worked in Defendant's office.[1] Plaintiff also requested the appointment of counsel. Plaintiff then filed an amended complaint on May 3, 2007, alleging racial discrimination and harassment and sexual harassment.

On May 29, 2007, Defendant filed a motion to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6). On June 7, 2007, Plaintiff filed what she titled a Motion to Reconsider which consisted of a further discussion of her complaints against Defendant. In this document, Plaintiff asked the Court's permission to subpoena a witness. Defendant filed a Motion in Opposition of Plaintiff's Motion to Reconsider in which it asserted that Plaintiff's Motion to Reconsider had requested to commence discovery and this was premature because the Court had not yet ruled on Defendant's Motion to Dismiss.

On July 20, 2007, Plaintiff then filed a motion which she called a "Motion for Summary and Judgment or Trial by Jury Date" and "Motion to Quash Defendant's Motion to Dismiss." On August 1, 2007, Plaintiff filed another Motion for Summary Judgment or a Trial by Jury Date. On August 7, Defendant filed a Response in Opposition Re Motion to Quash, Motion for Summary Judgment.

**Factual History**

Plaintiff alleges that she stopped working at Defendant's office in August or September

---

[1] Defendant disputes that Plaintiff was ever an employee, as defined in Title VII. 42 U.S.C. § 2000(e)(b). However, for the purposes of this motion we will accept the facts alleged in the light most favorable to Plaintiff.

of 2005.[2]  She filed a claim with the EEOC on September 11, 2006.

Plaintiff claims that Defendant discriminated against her and harassed her in a variety of different ways.  Her claims are, at times, difficult to understand.  She claims that members of Defendant's staff deliberately refused to forward her calls to her desk and failed to repair her malfunctioning phone line, causing her to lose business.  She claims that an oil based substance was put onto the receiver of her phone which caused a burning sensation in her hand and stiffness in her first, second and third fingers.  However, she states that when she visited the Doctor, he could find nothing wrong with her fingers.  Plaintiff claims that members of Defendant's staff were repeatedly and deliberately hateful to her as they saw her business increase. Plaintiff claims that Defendant's employees placed an unknown substance on her chair which caused burning in her vagina and her anal tract.  She alleges that the burning in her vagina stopped after she left Defendant's Jenkintown office but that the burning in her anal track continues up until the present day and is so severe that she cannot walk or bend down.  Plaintiff alleges that in August of 2005, she was "body-slammed" in the work room by one of the officer manager's friends.

Plaintiff offers no medical evidence to support any of these claims.

Plaintiff states that she was the object of constant sexual harassment as well.  As an example of this harassment, she alleges that two male co-workers sexually harassed her by winking at her and continued even after she asked them to stop.

**Legal Standards**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

[2] Defendant claims that, in fact, Plaintiff stopped coming into Defendant's Jenkintown office in June 2005.  However, for the purposes of this claim, we consider the facts in light most favorable to Plaintiff.

the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (brackets omitted).

**Discussion**

It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d. Cir. 1997) (citing McKart v. United States, 395 U.S. 185, 193 (1969). The Third Circuit allows a defendant to assert a statute of limitations defense in a rule 12(b)(6) motion, if the time alleged in the statement of the claims shows that the cause of action has not been brought within the statute of limitations. Robinson, 107 F.3d at 1021. Questions as to whether a plaintiff has exhausted her remedies under Title VII are "in the nature of statute of limitations"

questions and are not jurisdictional questions.  Francis v. Mineta, 2007 WL 2938696 (3d Cir. Oct. 10, 2007).

Title VII provides that a plaintiff in a deferral state, such as Pennsylvania, which has authorized a state agency to address discriminatory employment practices, must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act or violation.  42 U.S.C. § 2000-5(f)(1), See also, Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996) (holding that before Plaintiff in a Title VII case can bring a claim in federal court, the claim must first have been exhausted before the EEOC or a comparable state agency).  When a plaintiff fails to file her charge with the EEOC in a timely manner, her complaint is time-barred and cannot be brought in federal court.  See Davis v. Calgon Corp. 627 F.2d 674, 677 (3d Cir. 1980).[3]

Plaintiff's complaint alleges that she stopped working at Defendant's Jenkintown office in August/September of 2005.  Therefore, the latest date on which Plaintiff could have been subject to harassment or discrimination was September 31, 2005.  Under the law, Plaintiff has 300 days from the final date of the discriminatory action to file her claim with the EEOC.  42 U.S.C. § 2000e-5(e), see also, 14A C.J.S. *Civil Rights* § 536 (2007).  Therefore, the last date that Plaintiff would possibly have been entitled to file her claim with the EEOC would have been 300 days after September 31, 2005.  This date would have been at the end of July, 2006.  By the time Plaintiff filed on September 11, 2006, her claim was no longer timely.

There are certain limited instances where a plaintiff's failure to file with the EEOC in a

---

[3] The Court recognizes that Plaintiff's EEOC complaint named only race discrimination and did not claim that Plaintiff had been discriminated or harassed on the basis of sex. This would likely be grounds to dismiss the Plaintiff's claims of sexual discrimination and harassment. However, given Plaintiff filed all of her claims in an untimely manner, and all claims are therefore dismissed, the Court finds it need not discuss this issue.

timely manner may be forgiven. The Court may grant an exception to the EEOC filing requirements in circumstances where equitable tolling would be appropriate. See Thakar v. John F. Kennedy Medical Center, 149 Fed. Appx. 53, 55 (3d Cir. 2005) (where principles of equitable tolling were cited in discussion of whether to grant the plaintiff, who had missed his administrative filing deadline, permission to proceed with his claim under Title VII). Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed. Oshiver v. Levin, Fishbein, Sedran, & Berman, 38, F.3d 1380, 1387 (3d Cir. 1994) (citing Cada v. Baxter Healthcare Corp. 920 F.2d 446, 450 (7th Cir. 1990). There are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Oshiver, 38, F.3d at1387. Plaintiff in the instant case has not stated any reason for her lateness in filing with the EEOC and therefore the Court finds she is not eligible for an exception to the 300 day rule.

    Plaintiff's complaint is therefore time-barred because it is based on alleged discrimination that was not reported to the EEOC before her temporal window expired. Her claims are therefore dismissed with prejudice.

**Conclusion**

    Defendant's Motion to Dismiss Plaintiff's claims under Title VII for racial discrimination and harassment and sexual discrimination and harassment is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. An appropriate order to follow.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY HUNTER | : | CIVIL ACTION |
| v. | : | |
| FOX & ROACH REALTOR L.P., et al. | : | NO. 07-1572 |

**ORDER**

      AND NOW, this ___ day of November, 2007, upon consideration of Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Brief in Support thereof, Defendant's motion, Document. No. 5, Defendant's motion is granted. It is hereby ORDERED that Plaintiff's claims of racial discrimination and harassment and sexual discrimination and harassment under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e are dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to mark this case as CLOSED.

                                                BY THE COURT:

                                                /s/ Michael M. Baylson
                                                Michael M. Baylson, U.S.D.J.

A:\Hunter v. Fox Roach 07-1572 Memorandum and Order 11-26-07.wpd